UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NUMBER: 17-114** |
| **DELTOINE SCOTT** | **SECTION: "B"** |

### ORDER & REASONS

Before the Court are defendant Deltoine Scott's pro se motion for compassionate release or reduction of sentence (Rec. Doc. 253) and the government's opposition (Rec. Doc. 258). For the following reasons,

**IT IS ORDERED** that defendant's motion for compassionate release or reduction of sentence is **DENIED**.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 11, 2015, Deltoine Scott ("defendant") and co-defendant Jerome Kieffer, armed with handguns, robbed an armored car that was servicing ATMs at the JP Morgan Chase Bank at 1426 North Broad Street in New Orleans, Louisiana. Rec Doc. 94 at 1-3. Later, on May 31, 2017, Scott and Kieffer attempted to rob an armored truck servicing ATMs at the Campus Federal Credit Union at 220 Tulane Avenue in New Orleans. *Id.* at 3-5. Scott and Kieffer, carrying pistols, ran down the two armored car guards outside of the vehicle before grabbing the moneybag. *Id.* at 5. One of the guards shot at Kieffer and the groups exchanged rounds, resulting in the death of James McBride, one of the armored car guards. *Id.*

1

On January 30, 2019, Scott pled guilty to conspiracy to commit bank robbery (18 U.S.C. § 371), armed bank robbery (18 U.S.C. § 2113(a)(d)), brandishing a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)), causing death through use of a firearm (18 U.S.C. § 924(j)(1)), and making false statements to federal agencies and agents (18 U.S.C. § 1001). Rec. Doc. 157 at 1. Defendant was sentenced to 200 months in prison, and upon release from imprisonment, supervised release for a term of three years. *Id.* at 2-3.

Defendant submitted a request for compassionate release to the warden of his prison on February 16, 2022. Rec. Doc. 258-1 at 1. On the request form, Defendant simply wrote: "I Request Compassionate Release due to My High Blood pressure And how it will affect me if, I Catch Covid 19." *Id.* The warden denied Scott's request on March 14, 2022. Rec. Doc. 253-1. The warden reasoned that, according to the prison's clinical director, Scott does not have "a terminal, incurable disease with a life expectancy of eighteen months or less," nor does he suffer from medical conditions, and the Bureau of Prisons ("BOP") can treat his medical needs if any arise. Rec. Doc. 253-1.

Thereafter, the instant motion and opposition were filed as noted above. The defendant filed a motion for leave to file a reply (Rec. Doc. 255) to the government's opposition, and this Court

2

granted that motion. However, no such reply was ever filed by the defendant. Rec. Doc. 256.

## LAW AND ANALYSIS

### A. Standard of Review

A defendant may move the Court for compassionate release after either fully exhausting his administrative rights or upon the lapse of thirty days from a request for relief to his warden, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Once the exhaustion requirement has been met, the court may reduce a defendant's term of imprisonment after considering the sentencing factors in 18 U.S.C. § 3553(a) if it finds that extraordinary and compelling reasons warrant such a reduction and that the reduction is consistent with applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proof for compassionate release. *See United States v. Rodriguez*, 27 F.4th 1097, 1100 (5th Cir. 2022) (affirming district court decision that defendant failed to meet his burden to show extraordinary and compelling circumstances); *see also United States v. Stowe*, No. CR H-11-803, 2019 WL 4673725, at *2 (citing *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)).

### B. Defendant failed the exhaustion requirement because of a discrepancy in the underlying facts of his motions.

A defendant may move the Court for compassionate release after either fully exhausting his administrative rights or upon the lapse

of thirty days from a request for relief to his warden, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Failure to satisfy this prerequisite is not jurisdictional but is a mandatory claim-processing rule that must be enforced if invoked by the government. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

The facts asserted in the defendant's request to the warden and his motion for compassionate release must be the same. *United States v. Lee*, 2022 WL 2905177, at *2-3 (E.D. La. July 22, 2022) (Lemelle, J.) (first citing *United States v. Gonzales*, 849 F. App'x 116, 117 (5th Cir. 2021); and then citing *United States v. Samak*, No. CR 91-189, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020)). "For a petitioner's request to the warden to exhaust administrative remedies in accordance with § 3582(c)(1)(A), the request must be premised on the same facts alleged in the corresponding motion filed with the court." *See, e.g.*, *Samak*, 2020 WL 2473780, at *2 (citing *United States v. Walls*, No. 92-CR-80236, 2020 WL 1934963, at *3 (E.D. Mich. Apr. 22, 2020)).

Here, defendant's motion fails because he alleged different underlying facts in his request to the warden than in his motion to this Court. In defendant's request to the warden, he states "I Request Compassionate Release due to My High Blood pressure And how it will affect me if, I Catch Covid 19." Rec. Doc. 258-1 at 1. In his motion to this Court, defendant does not mention high blood pressure, instead arguing that a heart murmur, his behavior while

4

incarcerated, and his low risk level of recidivism make him worthy of compassionate release. Rec. Doc. 253 at 2-4. This Court has made it clear that the facts asserted in the request to the warden and the motion to the court must be the same. Defendant does not satisfy such requirement here. Defendant failed to carry his burden for a compassionate release because the facts asserted in his request to the warden (high blood pressure, COVID-19) and in his motion for compassionate release (heart murmur, rehabilitation, low recidivism chances) were not the same. Due to this inconsistency and timely invocation of same by the government, defendant's motion for compassionate release must be dismissed.

Moreover, while the government does not bring the argument, the defendant does not satisfy the procedural requirements for exhaustion because he did not appeal the warden's adverse ruling to his request. Satisfying the procedural requirements for exhaustion entails appealing a warden's denial. *See, e.g.*, United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *2-3 (E.D. La. Sept. 8, 2020). Nothing in the record indicates that Scott has appealed the warden's denial. *See* Rec. Doc. 253-1.

C. Assuming satisfaction of all exhaustion requirements, defendant's motion fails to demonstrate extraordinary and compelling reasons for release or reduction of sentence.

Assuming satisfaction of exhaustion requirements, the motion fails after review on the merits. It fails to show extraordinary and compelling reasons under 18 U. S. C. § 3582(c)(1)(A)(i) or

that movant is at least seventy years old and served thirty years in prison under § 3582(c)(1)(A)(ii). Regarding the latter category, he clearly falls outside its scope. At the time he filed the instant motion in June 2022, Mr. Scott was twenty-nine years old, and in BOP custody for about 3 years since imposition of the instant 200-month federal imprisonment sentence in 2019, or about 7 years since his arrest on June 17, 2017 to now. Rec. Docs. 148 at p. 3 (Presentence Report); 157 (Judgment); and 253 (Instant motion).

Under 18 U.S.C. § 3582(c)(1)(A)(i), movant has the burden to prove extraordinary and compelling reasons for release, reduction or modification of his prison sentence. *United States v. Vedros*, No. 14-237, 2020 WL 2838589, at *2 (E.D. La. June 1, 2020), appeal dismissed, No. 20-30511, 2021 WL 3627258 (5th Cir. Mar. 16, 2021). The extraordinary-and compelling measure creates a requirement that is "notoriously thorny," as "Congress never defined or provided examples . . . that might warrant a reduction." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Before the 2018 passage of the First Step Act, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194 (2018), this occurred rarely. With that legislation, inmates newly possessed the right to bring compassionate release actions in federal court; the advent of this right and the spread of COVID19 combined to significantly increase analysis of extraordinary and compelling reasons. Congress

6

delegated authority to the Sentencing Commission to define or provide examples of what constitutes "extraordinary and compelling" reasons. *Id.*

In its explanatory commentary, the Sentencing Manual provides a different age-related consideration than that found in § 3582(c)(1)(A). U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(B). However, defendant also falls short of this measure. The Sentencing Manual presents an extraordinary and compelling reason as when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. Here, Mr. Scott has now served about 3 years (perhaps 7 with credit for pre-sentence detention) of a 200-month federal prison sentence. Rec. Doc. 253. As noted earlier, he is about 29 years old — short of the Sentencing Commission's and statutory age requirements. More significantly, he offers no evidence of "a serious deterioration in physical or mental health because of the aging process." The Fifth Circuit has adopted language from Sentencing Manual's section on medical concerns to explain this standard as "serious medical conditions that substantially diminish [a defendant's] ability to provide for self-care and from which he is not expected to recover." *United States v. Rivas*, 833 Fed. App'x. 556, 559 (5th Cir. 2020). Further, the defendant must

7

show that the condition has occurred "because of the aging process," not from some other source. Id. (finding inapplicable "the highly unusual circumstances caused by COVID-19") (emphasis original).

Mr. Scott's fear of contracting COVID 19 due to alleged heart murmur or other conditions do not warrant compassionate release for this relatively young, COVID vaccinated and generally healthy inmate. The warden's denial of the administrative request for release was reasonably based on medical record evident that Mr. Scott does not have any medical condition that his BOP facility is unable to treat. See Rec. Docs. 253-1 & 258-1. Mr. Scott's medical concerns do not meet the foregoing standards for relief here.

The Court commends Mr. Scott's acceptance of responsibility, apology to the victim's family, testimony about the conduct of co-defendants, and his various steps taken while incarcerated to become a law-abiding person. We additionally acknowledge to his credit the BOP assessment of Scott's risk level. The BOP "Male Pattern Risk Scoring" sheet dated "2/3/2021", at record document 253-2, scores Scott's risk level at "low".
Unfortunately, under existing statutory mandate, rehabilitation alone cannot be an "extraordinary and compelling reason" to grant compassionate release. 28 U.S.C. § 994(t). In addition to the foregoing post-sentencing factors, we must also consider whether the requested reduction of sentence here from 17 years to about 7

8

years would satisfy the ultimate sentencing goal for imposition of just punishment but not more than necessary to promote respect for law and discourage future violations.

Factoring in the very serious nature of offense conduct that led to death of the bank guard (felony – murder), prior opinions from other courts[1], and all facts and laws cited throughout this opinion, on balance, Mr. Scott's noted post-arrest actions, post-sentencing rehabilitation, and medical concerns <u>do not at this time</u> outweigh the seriousness of his conviction, the amount of prison time served thus far, and the goals of sentencing. We are hopeful that continuation of his present self-help efforts will lead to a better outcome in the near future.

New Orleans, Louisiana this 14th day of May 2024

_____
Senior United States District Judge

---

[1] See for example: *United States v. Brown*, 829 F. App'x 697, 698 (5th Cir. 2020); *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020); *United States v. Reed*, 464 F. Supp. 3d 854, 861 (E.D. La. 2020); and *United States v. Milliron*, No. 4:20-CR-011-SDJ, 2021 WL 3032736, at *5 (E.D. Tex. July 19, 2021).